UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL KUNNEN, an individual, | Case No. |
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | |
| ALLSTATE FIRE & CASUALTY INSURANCE COMPANY, a foreign corporation, | |
| Defendant. | |

Defendant Allstate Fire & Casualty Insurance Company ("Allstate") hereby removes to this Court the Washington State action described below, currently pending in King County Superior Court.

**I.    NATURE OF THE CASE**

1. Plaintiff filed this lawsuit in the Superior Court of Washington for King County on November 21, 2023, under the name and style of *Michael Kunnen v. Allstate Fire & Casualty Insurance Company*, Case No. 23-2-23104-0 SEA.  A true and correct copy of the Complaint filed in state court is attached hereto as Exhibit A.

2. Plaintiff was allegedly injured in a December 24, 2018 car accident caused by Madeleine Blue.  Compl. ¶¶ 2.1–2.6.  At the time of the accident, Allstate insured Plaintiff

under an Allstate automobile insurance policy, policy number 000987267130 (the "Policy"), which included underinsured motorist ("UIM") coverage with a limit of $250,000. *Id*. at ¶ 2.7.

3. Plaintiff settled his claim against Ms. Blue for Ms. Blue's policy limits and then made a UIM claim to Allstate. *Id*. at ¶¶ 2.9, 2.11. Allstate and Plaintiff disagreed regarding the value of the UIM claim.

4. Plaintiff alleges that Allstate failed to pay him sufficient UIM benefits and otherwise mishandled his claim. *Id*. at ¶ 2.12. Plaintiff asserts causes of action against Allstate for: (1) breach of insurance contract, (2) bad faith, (3) violation of the Consumer Protection Act ("CPA"), and (4) violation of the Insurance Fair Conduct Act ("IFCA"). *Id*. at ¶¶ 3.1–6.11. Plaintiff seeks recovery of his full $250,000 UIM Policy limits, plus alleged extra-contractual damages caused by Allstate's alleged misconduct, as well as attorneys' fees and costs, and treble damages. *Id*. at ¶¶ 4.6, 5.12, 6.10-6.11, Prayer for Relief ¶¶ 1–4.

## II. SUBJECT MATTER JURISDICTION

5. Allstate exercises its rights under 28 U.S.C. §§ 1332 and 1441 to remove this case from the Superior Court of King County, Washington to this Court. This Court has original jurisdiction over the underlying state court action under 28 U.S.C. § 1332. This action may be removed to this Court by Allstate pursuant to 28 U.S.C. § 1441 because there exists complete diversity between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### A. There is Complete Diversity Between Plaintiff and Allstate.

6. In determining whether complete diversity exists, the Court considers the citizenship of all properly joined parties. 28 U.S.C. § 1441(b). Here, there is complete diversity of citizenship for the purposes of federal jurisdiction under 28 U.S.C. § 1332 between Plaintiff and Allstate.

7. Plaintiff is a resident and citizen of the State of Washington. Compl. at ¶ 1.1.

8. A corporation is a citizen both of the state in which it was incorporated and of the state where its principal place of business is. 28 U.S.C. § 1332(c)(1). Allstate is an Illinois insurance company with its principal place of business in the State of Illinois. It is a wholly owned subsidiary of Allstate Insurance Holdings, LLC, which is a limited liability company organized under the laws of the State of Delaware. Allstate Insurance Holdings, LLC is a wholly owned subsidiary of The Allstate Corporation, which is a corporation organized under the laws of the State of Delaware. Allstate's principal place of business is in the State of Illinois. For the purposes of diversity of citizenship under 28 U.S.C. § 1332, Allstate is a citizen of Illinois, not a citizen of the State of Washington.

9. Because Plaintiff is a citizen of Washington and Allstate is a citizen of Illinois and Delaware, there is complete diversity of citizenship between the parties for the purposes of federal jurisdiction under 28 U.S.C. § 1332.

**B.     The Amount in Controversy Exceeds $75,000.**

10. Plaintiff's Complaint does not plead a specific amount of damages. Allstate must therefore prove the amount in controversy requirement has been met by a preponderance of the evidence. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006). Plaintiff's demand, allegations, and relief requested prove that the amount in controversy in this case exceeds $75,000.

11. Plaintiff seeks to recover "not less than the total of benefits provided" by the UIM Policy, which limits are $250,000. Compl. ¶3.6. "[C]ourts may look beyond pleadings and consider other summary judgment type evidence relevant to the amount in controversy, tested as of the time of removal." *Calnan v. USAA Cas. Ins. Co.*, C14-5470 RJB, 2014 WL 3818101, at *2 (W.D. Wash. Aug. 4, 2014) (internal citations omitted). *See also Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (holding demand "is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim"). Such evidence includes a Plaintiff's pre-litigation letter to Allstate demanding payment of the

$250,000 to resolve his UIM claim. *See* Removal Declaration of Bryan Case, Ex. A; Compl. ¶ 6.5. Plaintiff's pursuit of the $250,000 Policy limits alone satisfies the $75,000 amount in controversy requirement.

12. In addition to seeking Policy benefits, Plaintiff seek extra-contractual tort damages for alleged bad faith and violations of the IFCA and CPA. *Id*. at ¶¶ 4.6, 5.11-5.12, 6.9-6.11, Prayer for Relief ¶¶ 1, 3. These purported extra-contractual damages are *independent of and in addition* to Policy limits Plaintiff seeks, further increasing the amount in controversy beyond the statutory minimum. *See, e.g.*, *Estenson v. GEICO Gen. Ins. Co.*, No. C13-05319-RBL, 2013 WL 12128734, at *2 (W.D. Wash. July 25, 2013) (holding that potential damages for CPA and bad faith claims increase amount in controversy).

13. In addition to the foregoing damages, Plaintiff also seeks treble damages under both the CPA and IFCA, increasing the amount in controversy further beyond the statutory minimum. Compl. at ¶ 5.12, 6.11, Prayer for Relief ¶¶ 3–4. The CPA provides for an award of treble damages of up to $25,000 per violation. RCW 19.86.090. IFCA provides for an award of treble damages in "an amount not to exceed three times the actual damages." RCW 48.30.015(2). Potential enhanced damages under the CPA and IFCA are both considered in the amount-in-controversy calculation. *E.g.*, *Gierke v. Allstate Prop. & Cas. Ins. Co.*, No. C19-0071-JLR, 2019 WL 1434883, at *3 (W.D. Wash. Apr. 1, 2019) (including plaintiff's request for treble damages under IFCA when calculating the amount in controversy); *Wilson v. Geico Indem. Co.*, No. C18-226-RAJ, 2018 WL 3594474, at *2–3 (W.D. Wash. July 26, 2018) (denying motion to remand where plaintiff's request for treble damages under the CPA and IFCA increased amount in controversy above jurisdictional threshold); *Burke Family Living Tr. v. Metro. Life Ins. Co.*, No. C09-5388-FDB, 2009 WL 2947196, at *3 (W.D. Wash. Sept. 11, 2009) (denying motion to remand where, among other things, plaintiff's claim for treble damages under the CPA and IFCA increased amount in controversy above jurisdictional threshold).

14. The amount in controversy further increases because Plaintiff requests an award of attorneys' fees and costs under the CPA and IFCA. Compl. at ¶¶ 6.11, Prayer for Relief ¶ 2; *see also* RCW 19.86.090 (attorneys' fees recoverable under the CPA); RCW 48.30.015(3) (attorneys' fees recoverable under the IFCA). Attorneys' fees are included in the amount in controversy where, as here, they are recoverable under a statute. *See, e.g.*, *Fritsch v. Swift Trans. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).

15. When the foregoing is combined, the amount in controversy more likely than not exceeds the jurisdictional threshold of $75,000.

### III.   REMOVAL IS TIMELY

16. This Notice is timely filed under 28 U.S.C. § 1446(b) and (c). Allstate received the summons and complaint on or about December 4, 2023. *See Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126, 1127, 1130 (9th Cir. 2019) (holding that thirty-day removal period does not begin to run upon service on and receipt of complaint by statutorily designated agent, but instead begins to run upon actual receipt by insurer). This Notice of Removal is filed within thirty (30) days of that date, and less than one year after the action was filed in state court.

### IV.   OTHER PROCEDURAL REQUIREMENTS ARE SATISFIED

17. As required by 28 U.S.C. § 1446(a) and LCR 101, a copy of the Complaint and Civil Case Cover Sheet are attached as Exhibits A and B, respectively. The Complaint is being filed as a separate attachment in the electronic system and labeled as "Complaint" as provided by LCR 101(b)(1). In accordance with 28 U.S.C. § 1446(a), Allstate is filing contemporaneously with this Notice of Removal a Verification of State Court Records, which includes copies of all pleadings and documents from the Superior Court proceeding, besides the Complaint. In accordance with LCR 101(c), counsel for Allstate hereby verifies that the

1  foregoing exhibits filed herewith, and the documents attached to the Verification are true and
2  complete copies.
3      18.   As required by 28 U.S.C. § 1446(d), Allstate today served Plaintiff, through his
4  counsel of record, and the Clerk for the Superior Court of King County, State of Washington,
5  with copies of this Notice of Removal.
6      19.   Allstate has therefore satisfied the requirements for removal under 28 U.S.C.
7  § 1441 *et seq.*, and all applicable rules.

## V. CONCLUSION

For all of the foregoing reasons, Allstate removes this case from the Superior Court of Washington for King County, where it is now pending, to this Court. Allstate respectfully requests that this Court assume jurisdiction over this matter to the exclusion of any further proceedings in state court and place this action upon the docket of this Court, same as though this case had originally been filed in this Court.

//
//
//
//
//
//
//
//
//
//
//
//
//

1  DATED this 20th day of December, 2023.

2                                                           FOX ROTHSCHILD LLP

*s/ Bryan J. Case*
Bryan J. Case, WSBA #41781

*s/ Al Roundtree*
Al Roundtree, WSBA #54851

*s/ Grace Wan*
Grace Wan, WSBA #61427

1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
Telephone:  206.624.3600
Facsimile:  206.389.1708
Email: bcase@foxrothschild.com
         aroundtree@foxrothschild.com
         gwan@foxrothschild.com

*Attorneys for Defendant Allstate Fire & Casualty Insurance Company*

**CERTIFICATE OF SERVICE**

I certify that I am a secretary at the law firm of Fox Rothschild LLP in Seattle, Washington. I am a U.S. citizen over the age of eighteen years and not a party to the within cause. On the date shown below, I caused to be served a true and correct copy of the foregoing on counsel of record for all other parties to this action as indicated below:

| **Service List** | |
|---|---|
| Chance Yager, WSBA #54486<br>EMBER LAW PLLC<br>1200 Fifth Avenue, Suite 1217<br>Seattle, WA  98101<br>Ph. (206) 468-9410<br>Fax (206) 858-8182<br>Email: chance@emberlaw.com<br><br>Omar Nur, WSBA #45195<br>NUR LAW, PLLC<br>9924 4th Avenue W<br>Everett, WA  98204<br>Ph. (425) 998-7040<br>Fax (425 212-1793<br>Email: omar@nurlaw.com<br><br>*Attorneys for Plaintiff* | ☐ Via US Mail<br>☐ Via Messenger<br>☒ Via E-filing system / Email<br>☐ Via over-night delivery |

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

EXECUTED this 20th day of December, 2023, in Seattle, Washington.

_____
Courtney R. Brooks